# WHITE *v.* WEGE.

# WEGE *v.* WHITE.

---

PATENTS; INTERFERENCES; MOTION FOR DISSOLUTION.

Where the junior party to an interference fails to move to dissolve under rule 22 of the Patent Office, but acquiesces in the similarity of the invention and propriety of the interference until he becomes apprehensive of a probably adverse decision on the question of priority, he is not entitled to have the examiner of Interferences or the Examiner in Chief recommend to the Commissioner the dissolution of the interference on the ground of want of right on the part of the senior party to make the claims, unless this want of right under the disclosure of the application is perfectly plain, but under such circumstances the interference will be disposed of by judgment of priority.

Nos. 1014 and 1015.  Patent Appeals.  Submitted January 17, 1916.  Decided March 6, 1916.

HEARING on cross appeals from a decision of the Commissioner of Patents granting priority to one of the parties on certain of the counts, and to the other party on other counts of the issue.                    *Affirmed in part and reversed in part.*

The facts are stated in the opinion.

*Mr. J. M. Wilson, Mr. Joseph R. Edson,* and *Mr. James L. Steuart* for Peter M. Wege.

*Messrs. Messimer & Austin, Robertson & Johnson, Wallace R. Lane,* and *Hillary C. Messimer* for Alexander P. White.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an interference proceeding involving the invention of a metallic structure, the various parts of which are designed to interlock, and, when assembled, to comprise a rigid structure in which bolts and rivets need not be used to hold the parts together.

The issue as declared is contained in the following counts:

"1. A metallic structure, comprising in combination a frame of sheet metal provided with interlocking flanges, wall members provided with flanges adapted to interlock with the flanges on the frames, and means for locking said wall members in position in said frame.

"2. A metallic structure, comprising in combination a frame of sheet metal having a plurality of sides, each of which forms one of the walls of the structure, interlocking flanges on said frame, wall members provided with flanges adapted to interlock with the flanges on the frame, and means for locking said wall members in position in said frame.

"3. A metallic structure comprising in combination a frame with a plurality of sides, each of which forms one of the walls of the structure, wall members adapted to fit into said frame and having a tension engagement with said frame, and a locking wall member constituting means for locking the other wall members in the frame.

"4. A metallic structure comprising in combination a frame with a plurality of sides, each of which forms one of the walls of the structure, wall members adapted to fit into said frame, said wall members having a tension engagement with said frame, and a locking wall member constituting means for locking the other wall members in the frame, and means for locking said locking wall member in position in the structure.

"5. A metallic structure comprising in combination a frame

of sheet metal having a plurality of sides, each side forming one of the exterior walls of the structure, flanges on said frame, a plurality of sheet metal wall members adapted to fit into said frame, flanges on said wall members adapted to contact with flanges on the frame and to be under tension when said wall members are forced into the frame, and a locking wall member constituting means for locking the other wall members in position in the frame.

"6. A metallic structure comprising in combination a frame of sheet metal having a plurality of sides, each side forming one of the outer walls of the structure, flanges on said frame, a plurality of sheet metal wall members adapted to fit into said frame, flanges on said wall members adapted to contract with flanges on the frame and to be under tension when said wall members are forced into the frame, a locking wall member constituting means for locking the other wall members in position in the frame, and flanges on said locking wall member adapted to contact with other wall members under tension.

"7. A metallic structure comprising in combination a frame of sheet metal having a plurality of sides, each side forming one of the outer walls of the structure, flanges on said frame, a plurality of sheet metal wall members adapted to fit into said frame, flanges on said wall members adapted to contact with flanges on the frame and to be under tension when said wall members are forced into the frame, and a locking wall member constituting means for locking the other wall members in position in the frame, flanges on said locking wall member adapted to contact with other wall members under tension and means for locking said locking wall member in position in the structure.

"8. A metallic structure comprising in combination a frame of sheet metal provided with interlocking flanges, wall members provided with flanges adapted to interlock with the flanges on the frame, and a wall member constituting means for locking the other wall members in position in the frame.

"9. A metallic structure comprising in combination a frame of sheet metal having a plurality of sides, each of which forms

one of the walls of the structure, interlocking flanges on said frame, wall members provided with flanges adapted to interlock with the flanges on the frame, and a wall member constituting means for locking the other wall members in position in the frame.

"10. A metallic structure comprising in combination a frame of sheet metal having a plurality of sides, each side forming one of the walls of the structure, flanges on said frame, a plurality of sheet metal wall members adapted to fit into said frame, flanges on said wall members adapted to contact with flanges on the frame and to be under tension when said wall members are forced into the frame, and means for locking said wall members in position in the frame."

Peter M. Wege's application was filed May 14, 1910, and the patent issued to him August 8, 1911. Alexander P. White filed November 13, 1909. Wege's patent having issued inadvertently, he is the junior party, and has the burden of proof.

No motion was made under rule 130 to dissolve the interference. Both parties took testimony, and the case came before the Examiner of Interferences for a first hearing.

He held White's evidence showed conception and disclosure on October 7, 1909. Wege contended before him that there were two bars to the grant of the patent to White: First, because his application became abandoned for failure to prosecute within one year after the first action thereon; second, because White had no right to make the claims corresponding to the counts of the issue. It appears that the application of White was rejected by the Primary Examiner on reference to a former patent to Wege, December 31, 1909. Instead of amending, White, on December 31, 1910, filed an argument controverting the decision of the Primary Examiner, who finally rejected the claim, and White then amended, adopting certain claims of Wege's patent. The Examiner first objected to this claim on the ground that White did not show a structure in which wall members could be locked in position in the frame, but he was finally allowed to make the claim, and the interference was declared.

The examiner of Interferences held that this was a prosecution of the claim within the provisions of sec. 4894, Rev. Stat. In regard to the second contention of Wege he said: "It is Wege's contention that the three-sided member one, two and three of White cannot be called a frame in view of the structure described by this term in the Wege patent from which the counts of the issue were taken. It appears from the record of the White application that when he first sought to incorporate therein certain claims in the Wege patent, they were objected to by the Primary Examiner on the ground that White did not show a structure in which wall members could be locked in position in the frame, but upon an argument by White, the examiner allowed him to make the claims. It is believed that the expression 'in the frame' should be considered broad enough to apply to the White construction, in view of the fact that the two inventions are essentially the same." He then proceeded to award priority to White. Wege appealed to the Examiners in Chief, who sustained the action of the Examiner of Interferences in regard to the claim of abandonment of the application of White. As to the objection of Wege that White had no right to make the claim they said: "No motion to dissolve on this or any other ground was made by Wege, and hence under rule 130 he is not entitled as a matter of right to urge this point at final hearing or upon appeals therefrom. However, the Examiner of Interferences considered the argument in this connection, and we shall follow his example."

Agreeing with the Examiner of Interferences in regard to White's conception of October 7, 1909, they proceeded under order 2147 of the Commissioner to call the attention of the Commissioner to the fact that White had no right to make the claims. They then rendered no decision as to priority, but entered the order calling to the Commissioner's attention the want of right of White to make the claim. In the later report to the Commissioner a majority of the Examiners in Chief recommended that the interference be dissolved. One member did not concur in the recommendation, saying: "The interference was obviously declared upon the theory that those limi-

tations of the claims which are not satisfied in White's construction are immaterial. When proofs are taken and the interference proceeds to, final hearing under such circumstances, the interference, in my opinion, should be disposed of by a judgment of priority as to the subject-matter which the Primary Examiner obviously intended to put in issue. I find that White is the prior inventor of that subject-matter, for the reasons set forth heretofore. I therefore hold that the decision of the Examiner of Interferences awarding priority of invention to White should be affirmed." The first recommendation coming before the Commissioner April 26, 1915, he said: "This interference comes before me on recommendation from the Examiners in Chief that the interference be dissolved on the ground that the counts do not accurately define White's structure. I have concluded not to follow the recommendation, because Wege made no motion to dissolve. Rule 130 distinctly states that the question can be raised only in case a motion under rule 122 has been duly brought, or good reason is shown why such a motion was not presented and prosecuted. No reason has been shown. Wege may not raise the question as of right, and it is apparent from the conclusions reached by the Primary Examiners before whom the Wege and White applications came, and the conclusion reached by the Examiner of Interferences, that the question is debatable, to say the least. I feel that there is no such clear case as requires that the Office raise the question of White's right to make the claims of its own motion."

On May 19, 1915, the Examiners in Chief before whom the appeal again came stated: "In view of the findings as to the facts, made in our decision of November 2, 1914, and of the decision of the Commissioner of April 26, 1915, holding that the case is not one in which the right of White to make the claims in issue should be raised by the Office as a ground for the decision on priority, we hereby affirm the decision of the Examiner of Interferences, and award priority of invention to Alexander P. White, the senior party. Even if the action of the Commissioner of April 26, 1915, did not preclude us from considering the right of White to make the claims as a ground

for the award of priority, and even if it were granted that the claims in issue are limited to a detail which is not disclosed by White, our award of priority would be in favor of White." The majority of the Board concurred in this decision, one member dissenting.

On final appeal to the Commissioner by Wege, he affirmed the award of priority to White as to counts one and two, and reversed the decision as to the remaining counts, awarding them to Wege, and both parties have appealed.

Rule 122 of the Patent Office provides that motions to dissolve an interference shall contain a full statement of the grounds, and be made not later, if possible, than thirty days after the statements of the parties have been received. This motion shall be referred to a Primary Examiner, who shall hear and decide the same.

The party Wege failed to avail himself of this provision, but took the chances, before the Examiner of Interferences, of establishing his claim to priority.

Rule 126 authorizes the Examiner of Interferences or the Examiners in Chief to direct the attention of the Commissioner to the fact that no interference exists, and the Commissioner may, before judgment on the question of priority, suspend the interference, and remand the case to the Primary Examiner for his consideration of the matters to which attention has been directed, and from his decision appeal may be taken as in other cases.

Wege took the chances, as we have stated, in establishing his claim to priority, and failed to follow the direction of rule 122.

The Examiner of Interferences considered these objections to the right of White to make the claim, sustained that right, and refused to call the attention of the Commissioner thereto. A majority of the Examiners in Chief considered the question again. They held that the construction of White was a frame, as called for in the issue, and sustained Wege's contention that White's wall members are not locked in the frame, but outside of it. They therefore called the attention of the Commissioner

to the situation, and failed to award priority. The Commissioner failed to act upon the first recommendation of the Examiners in Chief, and returned the case to them for decision in the usual course. The majority then recommended that the interference be dissolved, one member dissenting on the ground that priority should be awarded to White.

The Commissioner on his appeal did not dissolve the interference, but referred the case back to the Examiners in Chief, and stated: "This interference comes before me on recommendation from the Examiners in Chief that the interference be dissolved on the ground that the counts do not accurately define White's structure. I have concluded not to follow the recommendation, because Wege made no motion to dissolve. Rule 130 distinctly stated that the question can be raised only in case a motion under rule 122 has been duly brought, or good reason is shown why such a motion was not presented and prosecuted. No reason has been shown. Wege may not raise the question as of right, and it is apparent from the conclusion reached by the Primary Examiners before whom the Wege and White applications came, and the conclusions reached by the Examiner of Interferences, that the question is debatable, to say the least. I feel that there is no such clear case as requires that the Office raise the question of White's right to make the claims of its own motion."

On return of the case to the Examiners in Chief, as we have seen, the majority awarded priority to White, one member dissenting. On appeal from this decision the Commissioner held that White was entitled to make claims one and two, and entitled to priority thereon, but denied his right to the others. As stated by one of the members of the Examiners in Chief, dissenting from the conclusions of the majority as to the recommendation to the Commissioner: "The interference was obviously declared upon the theory that those limitations of the claims which are not satisfied in White's construction are immaterial. When proofs are taken and the interference proceeds to final hearing under such circumstances, the interference, in my opinion, should be disposed of by a judgment of priority as to the subject-

matter which the Primary Examiners obviously intended to put in issue."

We concur in this view. Wege apparently acquiesced in the similarity of the inventions and the propriety of the interference until he became apprehensive of a possible adverse decision on priority. If he had succeeded he would have barred White of any further right to make a claim under his application. Under these conditions, we believe that the party to be entitled to have the Examiner of Interferences, or Examiners in Chief, to recommend to the Commissioner the dissolution .of an interference on the ground of a want of right of one of the parties to make the claims; this want of right, under the disclosure of the application, should be perfectly plain.

It appears that the recommendation of the Examiners in Chief covered all of the claims of the issue, making no distinction between 1 and 2 and the remainder. We are of the opinion that the application of the strict rule of interpretation applied by the Commissioner would include those claims as well as the others. As White was entitled to the claims 1 and 2, it was error to award the remaining claims to his opponent.

The decision as to claims 1 and 2 is affirmed, and it is reversed as to the remaining claims awarded to Wege.

The clerk will certify this decision to the Commissioner of Patents as required by law.

A motion for a rehearing was denied March 21, 1916.